# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| JAMIE LOCKETT, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 1:16-CV-176 RWS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent, | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on movant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. The motion is denied without prejudice.

Movant argues that his sentence is unconstitutional after *Johnson v. United States*, 135 S.Ct. 2551 (2015). The motion is successive. *Lockett v. United States*, No. 1:13-CV-54 RWS; *Lockett v. United States*, No. 1:12-CV-144 RWS. He filed an application for permission to file a successive motion to vacate in the Court of Appeals for the Eighth Circuit, which was denied. *Lockett v. United States*, No. 16-2303 (8th Cir.). And he has a pending application before the Court of Appeals as well. *Lockett v. United States*, No. 16-2894. Movant seeks to hold the instant case in abeyance pending the decision of the Court of Appeals in the latter case.

The requirement that prisoners obtain authorization from the circuit court before filing a second or successive petition in the district court is jurisdictional. *Burton v. Stewart*, 127 S. Ct. 793, 796 (2007).

"Federal courts are courts of limited jurisdiction. The requirement that jurisdiction be *established as a threshold matter* springs from the nature and limits of the judicial power of the

United States and is inflexible and without exception." *Kessler v. Nat'l Enterprises, Inc.*, 347 F.3d 1076, 1081 (8th Cir. 2003) (quotation marks omitted; emphasis added).

Because movant has not received permission from the Court of Appeals to file this action, this Court lacks jurisdiction to entertain the motion or to hold this matter in abeyance. Therefore, the motion is denied, and this action is dismissed without prejudice. *See* Fed. R. Civ. P. 12(h)(3) (dismissal is required, not discretionary).

Finally, movant has not met the burden for issuing a certificate of appealability under 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that the Case Management Order entered July 6, 2016, is **VACATED**.

**IT IS FURTHER ORDERED** that movant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is **DENIED**, and this action is **DISMISSED** without prejudice.

An Order of Dismissal will be filed separately.

Dated this 21st day of July, 2016.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE